**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **LAP DISTRIBUTORS, INC.**, a Pennsylvania corporation, individually and on behalf of all others similarly situated, | Case No. : |
| *Plaintiff*, | **COMPLAINT - CLASS ACTION FOR DAMAGES PURSUANT TO 47 U.S.C. § 227, et seq. (TELEPHONE CONSUMER PROTECTION ACT)** |
| *v.* | |
| **INSURANCE SERVICES FOR YOU INC.**, a Delaware corporation, | |
| *Defendant*. | **DEMAND FOR JURY TRIAL** |

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff Lap Distributors, Inc. ("Lap Distributors" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Insurance Services For You Inc. ("Insurance Services" or "Defendant") to: (1) stop Defendant's practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by its conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1.      Insurance Services is a national company that markets health insurance plans for individuals, families, and small businesses.

2.      In an attempt to generate sales leads, and ultimately increase its revenues, Insurance Services created a fax-based marketing campaign wherein it sent numerous unsolicited

faxes advertising its products and services across the country.

3. Insurance Services sent the fax advertisements at issue to Plaintiff and members of the Classes (defined below) despite: (i) having no previous relationship with them; and (ii) never receiving the recipients' consent to receive such faxes.

4. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

5. As such, Defendant's fax advertisements violate the JFPA, and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

6. Accordingly, Plaintiff seeks an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Lap Distributors is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania.

8. Defendant Insurance Services is a corporation incorporated and existing under the laws of the State of Delaware. Insurance Services maintains its principal office at 9990 Fairfax

2

Blvd, Suite 110,Fairfax, Virginia 22030. Insurance Services systemically and continuously conducts business throughout this District, the Commonwealth of Virginia, and the United States. Insurance Services can be served through its registered agent, Resident Agents Inc., located at 8 The Green, Ste R, Dover, Delaware 19901.

## JURISDICTION & VENUE

9.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

10.     The Court has personal jurisdiction over Insurance Services and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in or was directed from this District. Additionally, venue is proper in this District because Defendant resides in this District.

## COMMON ALLEGATIONS OF FACT

11.     Insurance Services markets health insurance plans for individuals, families, and small businesses.

12.     In order to boost sales and increase its revenues, Insurance Services sends numerous faxes advertising health insurance plans.

13.     Insurance Services sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the JFPA.

14.     The faxes sent by Insurance Services constitute advertisements because they promote the commercial availability and quality of health insurance plans available for purchase through Insurance Services.

15.     Insurance Services used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

**FACTS SPECIFIC TO PLAINTIFF LAP DISTRIBUTORS**

16.     On or around August 6, 2018, Insurance Services used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Lap Distributors. (A true and accurate copy of the August 6, 2018 fax advertisement is attached hereto as Exhibit A).

17.     Defendant's faxes promoted health insurance plans. (See Ex. A.)

18.     Plaintiff Lap Distributors had no prior business relationship with Insurance Services and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

19.     Insurance Services created the content of the fax advertisements and transmitted them to Plaintiff and members of the Classes with the intention of generating sales and increasing its revenues.

20.     Defendant's faxes displayed a toll-free number, 877-896-1885.  Calling the 877-896-1885 number connects a consumer to Defendant, or Defendant's agent. When called by Plaintiff's counsel on August 7, 2018, the telephone representative that answered, "Wade L." specifically identified himself as working for Defendant, Insurance Services, in Fairfax, Virginia. "Wade L." responded to the inquiry by quoting an insurance plan and sending a confirmatory email that prominently displayed Defendant's phone (888-350-6605) and fax number (888-635-2976) and provided a link to Defendant's website, http://www.insuranceservices4u.com/.

21.     Defendant's website, http://www.insuranceservices4u.com, is registered to Nhan

Lam, who is also the owner of Insurance Services.[1]

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2)

and 23(b)(3) individually and on behalf of the classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years
> preceding the filing of this action, (ii) received a telephone facsimile
> advertisement, (iii) sent by, or on behalf of, Insurance Services, (iv) for whom
> Insurance Services did not have a record of prior express consent to send the
> facsimile advertisements at the time they were sent.

> **Opt-Out Class**: All persons and entities who (i) in the four years preceding
> the filing of this action, (ii) received an unsolicited telephone facsimile
> advertisement, (iii) sent by, or on behalf of, Insurance Services, (iv) for whom
> Insurance Services did not have a record of prior express consent to send the
> facsimile advertisements at the time they were sent, (v) where such facsimile
> advertisement failed to contain the required opt-out notice.

23.    The following people are excluded from the Classes: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and its current or former employees, officers and directors; (3) persons

who properly execute and file a timely request for exclusion from the Classes; (4) persons whose

claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and

assigns of any such excluded persons.

24.    **Numerosity**: The exact size of the Classes is unknown and unavailable to

Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and

---

[1] *See* https://sccefile.scc.virginia.gov/Business/F209263 and
https://www.secureserver.net/whois?pl_id=1387&checkAvail=1&tmskey=&domain=insurances
ervices4u.com

belief, Insurance Services faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Classes. Class membership can be easily determined from Defendant's records.

25.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Insurance Services violated the JFPA with respect to Plaintiff, then it violated the JFPA with respect to the other members of the Classes. Plaintiff and members of the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

26.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**No Consent Class:**

a.    How Insurance Services gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class;

b.    Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

c.    Whether Insurance Services sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

d.    Whether Insurance Services sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

e.    Whether Defendant's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

**Opt-Out Class:**

a.      Whether Defendant's faxes advertised the commercial availability or quality of
property, goods, or services;

b.      Whether Defendant's faxes complied with the opt-out notice requirements of 47
U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

c.      Whether Defendant's conduct was willful such that Plaintiff and the Opt-Out
Class are entitled to treble damages.

27.      **Adequate Representation**: Plaintiff will fairly and adequately represent and
protect the interests of the Classes and has retained counsel competent and experienced in
complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Insurance
Services has no defenses unique to Plaintiff.

28.      **Policies Generally Applicable to the Classes**: This class action is appropriate for
certification because Defendant has acted or refused to act on grounds generally applicable to the
Classes as wholes, thereby requiring the Court's imposition of uniform relief to ensure
compatible standards of conduct toward the members of the Classes and making final injunctive
relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein
apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those
practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or
law applicable only to Plaintiff.

29.      **Superiority**: This case is also appropriate for class certification because class
proceedings are superior to all other available methods for the fair and efficient adjudication of
this controversy given that joinder of all parties is impracticable. The damages suffered by the
individual members of the Classes will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the No Consent Class)

30.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

32.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

33.    The faxes sent by Insurance Services advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the JFPA.

34.    Insurance Services sent the facsimile advertisements at issue to Plaintiff and

members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

35.     By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, Insurance Services violated 47 U.S.C. § 227(b)(1)(C).

36.     As a result of Defendant's conduct, Plaintiff and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

37.     Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

38.     Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Opt-Out Class)

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     The JFPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a

recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. See 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

41.    The faxes sent by Insurance Services advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the JFPA.

42.    Insurance Services sent facsimile advertisements to Plaintiff and the Opt-Out Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that: (i) informed fax recipients of their legal right to opt out of receiving future facsimile advertisements; (ii) identified a facsimile number for fax recipients to transmit their opt-out requests to Insurance Services; and (iii) informed recipients of Defendant's own obligation to comply with opt-out requests within a reasonable time.

43.    Defendant's failure to include the opt-out notice information required by the JFPA deprived Plaintiff and members of the Opt-Out Class of the ability to make informed decisions with respect to their legal right to not receive faxed advertisements and denied them of the information necessary to opt out of receiving future fax advertisements.

44.    By sending the advertisement faxes at issue to Plaintiff and members of the Opt-Out Class without the opt-out information required by the JFPA, Insurance Services violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

45.    Plaintiff and the Opt-Out Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct."

10

*Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

46.    Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other

members of the Opt-Out Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to

ensure that Defendant's violations of the JFPA do not continue into the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lap Distributors on behalf of itself and the Classes, prays for

the following relief:

1.    An order certifying the Classes as defined above, appointing Lap

Distributors as the representative of the Classes, and appointing its counsel as Class Counsel;

2.    An order declaring that Defendant's actions, as set out above, violate the

JFPA;

3.    An order declaring that Defendant's faxes constitute unsolicited

advertisements, and that Insurance Services sent the faxes without first obtaining prior express

invitation, permission or consent of the recipients, and enjoining Insurance Services from further

violations, and otherwise protecting the interests of the Classes;

4.    An award of actual and statutory damages;

5.    An award of pre-judgment interest;

6.    An award of reasonable attorneys' fees and costs; and

7.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**LAP DISTRIBUTORS, INC.**, individually and on behalf of all others similarly situated

Dated: October 8, 2018                    By:   /s/Matthew B. Kaplan
                                               One of Plaintiff's Attorneys

Matthew B. Kaplan (VSB# 51027)
The Kaplan Law Firm PLLC
1100 N Glebe Rd
Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
E-mail: MBKaplan@thekaplanlawfirm.com

Adam T. Savett (VSB# 73387)*
Savett Law Offices LLC
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Not admitted in this District, *pro hac* or regular admission will be sought

*Attorneys for Plaintiff and the Putative Classes*

# Exhibit A

08/07/2018 12:08 FAX                                                    ☑003
08-06-2018 8:35              800-842-4352            2157445717              1/1

# Lock These Rates in PA
# Before 2019 Open Enrollment
# Deadline 08/31/18



PENNSYLVANIA

   

| Sample Monthly | | | | Benefits/Coverages |
|---|---|---|---|---|
| Age | Single | Couple | Family | |
| 25 | $131 | $235 | $365 | **$50 Doctor Office Visits** |
| 30 | $158 | $299 | $396 | **$10 Prescriptions** |
| 35 | $194 | $364 | $464 | **Labs/Tests/Diagnostics** |
| 40 | $237 | $425 | $509 | **Choice of Any Doctor** |
| 45 | $273 | $459 | $561 | **PPO Network** |
| 50 | $359 | $613 | $713 | **Preventive Care** |
| 55 | $405 | $746 | $845 | **$2500 Deductible** |
| 60 | $469 | $895 | $975 | **Full Medical Coverage** |

Benefits/Coverages:
**$50 Doctor Office Visits**
**$10 Prescriptions**
**Labs/Tests/Diagnostics**
**Choice of Any Doctor**
**PPO Network**
**Preventive Care**
**$2500 Deductible**
**Full Medical Coverage**
**Critical Illnesses**
**Mental Health**
**And much more...**

## CALL FOR A
## FREE QUOTE
## (877) 896-1885

Our firm services individuals, couples, families and employers with groups of 3 or more. If you are an employer looking to provide coverage for your employees, be sure to ask about our special discount for groups of 8 or more.

The above rates and coverage are based on the policies as issued and may include a combination of plans. The coverages available to choose from are both ACA and non ACA compliant.

You are receiving this because of an information request to this fax number. If you would like to opt out of receiving these notices, please call (800) 372-2004 to have your number removed.